THE STATE OF ALABAMA VS WILLIAMS.

*Points as to the selection of grand jurors.*
*As to the method by which to take advantage of de-*
*fects in the selection of grand jurors.*

1. The act of 1826,* which requires the Courts, where juries·
   have not been drawn and summoned as directed by law,
   to impannel a jury, *instanter,*—gives no authority to a Court
   to summon persons, from whom a *grand jury* may be
   drawn.
2. The act of 1836,† upon the subject of drawing a grand
   jury, repealed so much of the law, previously enacted, as
   related to the selection of grand jurors by the clerk and
   sheriff, under the act of 1811.‡
3. A sheriff, since the passage of the statute of 1836, has no
   authority to summon grand jurors, except they have been
   selected by the clerk and himself, as directed by that act.
4. A grand jury, summoned in any other mode than that di-
   rected by the act of 1836  have no authority to find an in-
   dictment; nor will the act of a Court, in causing such a
   jury to be impannelled, supply the defect as to their selec-
   tion.
5. The objection, that grand jurors have not been selected
   and summoned as required by law, may well be taken by
   plea in abatement to the indictment.
6. A grand jury, summoned under the provisions of the act of
   1811, have no authority to find an indictment, preferred
   against a prisoner since the enactment of the statute
   of 1836.

* Aikin's Digest, 298, §24·
†Ibid. 2 Ed. 624.—‡Ibid. 1 Ed. 296, §6.

On points reserved as novel and difficult. From the Circuit Court of Madison.

Williams was indicted in the Circuit Court of Morgan county, from which county the venue was changed to Madison, for the offence of horse-stealing. The indictment was prefered at March term, eighteen hundred and thirty-six, and was found by a grand jury, composed of thirty-five persons, summoned under a writ of *venire facias*, issued and signed by the clerk of the Circuit Court of Morgan county, directed to the sheriff, and dated the tenth day of December, eighteen hundred and thirty-five. The list contained the names of thirty-six persons, only thirty-five of whom were returned as summoned.

The defendant, on his trial, at the October term, eighteen hundred and thirty-six, plead the following plea, to wit:

"And the said John F. Williams, in his own proper person, comes into Court here, and having heard the said indictment read, saith, that this honorable Court ought not to take cognizance of the said supposed offence, in the said indictment specified, because, protesting that he is not guilty of the same, nevertheless, the said John F. Williams, saith, that at the last March term of the Circuit Court of said county of Morgan, the grand jurors who found said indictment, were drawn by lot from a *venire* of thirty-five jurors, who had been summoned to attend said Court as jurors; and this he, the said John F. Williams, is ready to verify. Wherefore, he prays judgment, if this honorable Court now here, will or ought to take cognizance of the indict-

ment aforesaid; and that by the Court here, said indictment may be quashed, and he, said defendant, dismissed, and discharged."

A demurrer to this plea, was sustained, and on the plea of *not guilty*, the defendant was convicted; but judgment was suspended for the decision of this Court.

*M' Clung* for the prisoner—The *Attorney General*, contra.

HOPKINS, C. J.—On the tenth day of December, eighteen hundred and thirty-five, a *venire facias* was issued by the clerk of the Circuit Court of Morgan county, commanding the sheriff of that county, to summon thirty-six men, who are named in the process, to attend the next term thereafter, of the Circuit Court of Morgan, to serve as jurors. At the time the process was issued, the law required the Judge of the County Court, the commissioners of revenue, the clerk of the Circuit Court, and the sheriff, to select in the mode prescribed by law, from the list of free-holders and house-holders, which had been previously returned to the clerk, by the sheriff, such persons as a majority of these officers, might deem qualified to serve as jurors. From the whole number of persons thus selected, and summoned by the sheriff to attend the Court, and who may attend it, a grand jury, for the term, consisting of not less than thirteen, nor more than eighteen, is to be drawn by lot. The residue of the persons summoned, the law requires to serve as traverse jurors.*

*Aikin's Dig. 296, 298.

If these officers fail to select persons to serve as jurors, such persons may be chosen under the act of eighteen hundred and eleven. Where jurors have not been drawn and summoned in the manner prescribed by law, or do not attend, the Court may direct the sheriff to impannel a jury *instanter,* of such persons as are by law qualified to serve on juries; and may from day to day, impannel juries of the by-standers, for the dispatch of the business before the Court.* *Aikin's Dig. 298.

The power given by the statute to a Court, is to enable it to obtain juries to try causes then in Court, and not to summon persons from whom a grand jury may be drawn, to inquire of offences, make presentments, and find indictments.

On the ninth of January, eighteen hundred and thirty-six, a statute was enacted, and took effect from its passage, which requires the clerk of the Circuit Court, and the sheriff of each county, under the superintendence of the Judge of the County Court of their county, to select from the whole number of persons qualified to serve on juries, twenty-four persons best qualified, in their opinion, to serve on the grand jury; which persons so selected, it is made the duty of the sheriff to summons as grand jurors. So much of the statute law, that had been previously enacted, as required the persons who might be summoned by the sheriff, to serve as grand jurors, to be drawn by lot by the officers appointed to ascertain who should be summoned, was repealed by the act last mentioned, and such of the persons summoned to serve on the

grand jury, as shall not be placed on the same, are made liable to serve on the petit jury.*

*Aikin's Dig. 624, 2 Ed. The indictment against the defendant, was found by a grand jury impannelled from the persons who were summoned by the sheriff, in virtue of the process of the tenth of December, eighteen hundred and thirty-five. These facts were averred by the defendant, in a plea in abatement, which he pleaded to the indictment. To the plea, the counsel for the State, demurred. The Circuit Court sustained the demurrer, but referred the question arising upon it, as novel and difficult, to this Court to be decided.

The truth of the plea in this case, appears as well from the record as from the affidavit of the defendant, and the legal effect of the demurrer, as an admission by the State.

Before the act of January, eighteen hundred and thirty-six, the sheriff had no authority to summon any other persons to attend the next term of the Circuit Court of his county, than such as had been selected, in the mode prescribed by law, by the Judge of the County Court, commissioners of revenue, the clerk of the Court, and himself. Since the act of January, eighteen hundred and thirty-six, his authority to summon persons to serve as grand jurors, is limited to such persons as have been selected by the clerk of the Circuit Court and himself, for the purpose, under the superintendence and inspection of the Judge of the County Court. The sheriff derives his whole authority to summons persons to serve as grand jurors, from the selection of such persons by the proper officers, and if no such

selection be made, he has no authority to summon any man to serve as a grand juror.

It cannot be ascertained, whether any man of the grand jury, by which the indictment in this case was found, would have been selected by the proper officers, as one of the twenty-four persons, which they were authorised to choose, as best qualified in their opinion, to serve on the grand jury.

Persons summoned by a sheriff, to attend a Court as jurors, but not drawn and summoned, in the manner prescribed by law, are not competent to serve on a petit jury, unless they be summoned again, by a direction of the Court to the sheriff to summon jurors. Men impannelled as grand jurors, who were not selected and summoned to serve for the purpose, are as destitute of authority to inquire into offences and find indictments, as if they had voluntarily appeared in Court, and offered their service as grand jurors. The act of the Court in impannelling the grand jury, did not supply the want of authority in the sheriff to summons the persons who were placed upon it.

As to the question, whether the plaintiff in error ought not to have made his objection to the jurors, at the time they were impannelled, we are of opinion, that where men are without authority, no person is bound to appear and except to their want of authority to inquire into his conduct.

In the case of *The people vs M'Kay*,[*] the Supreme Court of New York decided, that an indictment found by a grand jury, impannelled of persons who had not been summoned in the mode prescribed by

[*18 Johns. Rep. 212.]

the law of that State, could not be sustained, and the judgment upon it was arrested, on a motion by the prisoner, after his conviction.

We are of opinion, the judgment on the demurrer, in this case, ought to have been for the defendant.

Let the judgment be reversed, and the defendant remain in custody, until he be discharged by due course of law.