## THE STATE v. CLARKSON.

1. The certificate of the officers selecting grand juries, under the act of 1836, is a record which cannot be impeached by evidence showing that it was not signed by the clerk whose name appears to it; or by showing that he was not present when the duties were performed.

2. If such certificate shows that the grand jurors were drawn by lot, this is proper evidence to support an issue that the grand jurors were drawn by lot, instead of being selected, as provided for by the act of 1836.

3. An indictment found among the files of the Court, and recognized as an authentic paper, proves itself, when the question of authenticity is raised on an issue to a plea to the same indictment; and on such an issue no evidence need be produced to sustain the affirmative.

Question reserved by the Circuit Court of Mobile county.

THE defendant was indicted at the special Term of the Circuit Court of Mobile county, held in February, 1841, for keeping and exhibiting a faro-bank. He pleaded in abatement of the indictment, as follows:

1. That the indictment was not preferred to, nor was the

same inquired of, and a true bill found thereon, by a grand jury of good and lawful men, free-holders and house-holders, summoned and returned, or elected, impannelled, charged and sworn, agreeable to law, &c.

2. That the said indictment was not found, &c. agreeably to the laws of the land, in this to wit: that it was not submitted to, inquired of, nor was a true bill found thereon, by a grand jury composed of free-holders and house-holders, at the time when a list of persons, qualified to act as jurors was returned to the clerk of the Circuit Court of Mobile county, by the sheriff of the said county; nor by a grand jury, selected in the manner required by law, from the list of free-holders and house-holders, returnable to the clerk of the Circuit Court of Mobile county, by the sheriff of said county.

3. That the said indictment was not found by a grand jury of good and lawful men, so held in the manner required by law, in this, to wit: that the same was found by a body of men, drawn as a grand jury, without the presence and action and concurrence of the clerk of the Circuit Court of Mobile county, as required by law.

4. Same as the last, but alleging the special ground, that the grand jury, instead of being *selected* from the whole number of free-holders and house-holders, were *drawn by lot.*

5. That one of the grand jurors by whom the bill was found, to wit, Phillip McLoskey, was not a citizen of the United States.

6. That one of the grand jurors, to wit, Henry Chamberlain, was more than sixty years of age.

7. That the bill of indictment was not found and returned into Court, by a grand jury of said Court, according to the forms of law.

8. That the said bill of indictment was not found by a grand jury composed of the legal number required by law.

Issues were joined on all these pleas.

The defendant offered in evidence, in support of his pleas, the book containing the minutes of the Court, on the first page of which, was an entry of the proceedings had in the Court in these words:

The State *v.* Clarkson.

*Circuit Court, Mobile County.*

CLERK'S OFFICE, 8th September, 1840.

This day, to wit, the 8th day of September, 1840, the sheriff of Mobile county, furnished to the clerk of said Court, a list of free-holders and house-holders of the county of Mobile, which is filed in the office of the said clerk; and the said clerk having given notice to the Judge of the County Court to appear at the clerk's office of the said Circuit Court on this day, to select from such list, such persons, as were by law deemed qualified to serve as jurors.

On the same day, the Judge of the County Court of Mobile county, the sheriff of said county, and the Clerk of the Circuit Court did attend and select from said list, such persons as were deemed qualified to serve as jurors; and the names of those selected are now put by them into the box, kept by the said clerk for that purpose, and on this day, as aforesaid, the Judge, sheriff and clerk, as aforesaid, proceeded to draw from the jury box, the names of twenty-five persons to serve, as grand jurors at the term of the said Court, to be held on the first Monday after the fourth Monday of October next, A. D. 1840; and the said names being drawn, the clerk issued a *venire facias*, directing the sheriff to summon the persons drawn, to attend as grand jurors at the Court aforesaid. Which writ is in the words and figures following.

Then follows the writ and afterwards the relation of the proceedings had with respect to the drawing of the names of the petty jurors.

Then follows a certificate that in testimony of the foregoing drawing, the said judge, sheriff and clerk had thereunto set their hands and seals. This purports to be signed and sealed by the said officers.

It was proved, that although these proceedings were bound up with the minutes of the Court, they were never read in Court as a part of its minutes; nor was it the habit of the clerk so to read them ; that the minutes of the Court were kept on loose sheets, and that after the adjournment of the Court, the minutes of the proceedings in the clerk's office, and the minutes of the Court, were bound together in the book produced. The minutes of the Court for which the grand jury was selected, was not signed by the Judge who held the Court.

It was also proved, that the proceedings above referred to, were not signed by M. J. McRae, clerk of the Circuit Court for Mobile county, but his name and the seal affixed thereto, were written by Thomas G. Hamilton, a young man employed in said clerk's office, who was the person present for the clerk at the drawing of the grand jury; that Hamilton was not sworn according to the provisions of the act of 1837, and that he never had taken any oath for the performance of his duties. It was also proved, that the said McRae, was not present at the said drawing of the grand jury.

It was proved, that the only evidence on the records of the Court, showing that the bill of indictment was found or returned into Court, was the entry of the foreman's name on the indictment, and the following entry upon the minutes: "The grand jury, (naming twelve persons,) impannelled, sworn and charged as aforesaid, having retired from the Court, under the charge of a bailiff, now return into Court and present the following indictment, to wit:

Callet Roux, Faro—a true bill.

Henry Clarkson, " " " "

(Naming several others.)

The defendant also proved, that the said bill of indictment was considered of found, and returned into Court, by twelve only of the grand jurors, although the grand jury impannelled for the term, consisted of fourteen members.

The State proved by the clerk, that the bill of indictment was returned by the grand jury into Court, but offered no other evidence.

On this state of proof, the defendant's counsel made the following points:

1. That the record of the proceedings relating to the grand jury, showed that it was drawn by lot, and not selected, as required by law.

2. That the duties imposed by law on the Judge of the County Court, sheriff, and clerk, are judicial, and therefore that the clerk could not act therein by deputy, much less by a mere employee, who has never been sworn according to law, or qualified by any oath whatever.

3. That there was no evidence on record, that the bill of indictment had been returned into Court by the grand jury;

and that oral testimony of the clerk, or his deputy, was not sufficient to establish this point.

4. That there can be no legal grand jury, composed of less than thirteen persons ; and although twelve may be sufficient to concur, it requires thirteen to consider of the bill and return it.

The Court overruled each of these points, and charged the jury, that the law was directly against the defendant in every particular, but reserved the questions as novel and difficult for the decision of the Supreme Court.

J. GAYLE, Jr. for the defendant.

THE ATTORNEY GENERAL, contra.

GOLDTHWAITE, J.—1. It appears from the statement of pleadings, and facts connected with the questions referred, that three distinct classes of defences, were at issue before the jury. The first of which, denies that the indictment was found by a grand jury constituted in conformity with the requisitions of the act of 1836 ; Aikin's Digest, 624. The second relates exclusively to the disqualification of individual jurors. And the third, asserts that the indictment was neither found by a grand jury consisting of the requisite number of jurors, nor returned into Court, according to the forms of law.

The sufficiency of these defences to abate the indictment, is virtually admitted by the joinder of issue to the count, and the only matter before the Court was, as to the competency of the evidence. and its effect in proving the issues. We are thus precise in stating the true question, because it might otherwise be inferred that we had examined these pleas with respect to their legal sufficiency.

In the case of The State v. Allen, 1 Ala. Rep. N. S. 442, we had occasion to examine questions very similar, and presented in the same manner. We then held, that it was not competent to impeach the certificate made by the officers, whose duty it is, under the act of 1836, to select the grand juries. Under the influence of this decision, it was entirely proper for the Circuit Court to have excluded all the evidence, that in point of fact, the certificate was not signed by the clerk; and that which shewed that another acted for him when the jury was selected, because the certificate had been

made, returned and acted on by the proper Court, and therefore was, for all purposes, a portion of its records.

2. But the certificate, when produced, conclusively showed that the requirements of the statute had not been pursued. The jurors, instead of being *selected*, were *drawn* by lot; thus bringing the issue within the decision of this Court; in the case of The State v. Williams, 5 Porter, 130. The fourth plea of the defendant, asserts the precise fact disclosed by the record in evidence, and we think the Court erred in charging the jury, as we must presume it did, that the issue ought to be found against the defendant.

3. No evidence was before the jury, to sustain the second class of pleas, and we have just decided in William's case, that twelve members may constitute a grand jury if a larger number is at first impannelled. Nothing then remains to be examined but the evidence offered to support the issue on the seventh plea. The fact to be proved, or rather disproved, was the authenticity of the indictment, as a record of the Court. There always is, and necessarily must be, a period in the progress of every prosecution, when the indictment is *in freri*, and we are not aware that any entry made in it, or upon the minutes by the clerk is necessary to give it effect as a record. Indeed the very fact of pleading to it, admits its genuineness as a record. This question has never before been the subject of an issue before the jury, but it has on several occasions received the consideration of the Court in other respects, and we have nothing to add to the reasons given in those cases. The State v. Greenwood, 5 Porter, 447; The State v. Matthews, 9 Porter, 370.

For the error we have already noticed, the judgment is reversed, and the cause remanded.