## RUSSELL *vs.* THE STATE.

### [INDICTMENT FOR MURDER.]

1. *Returning, endorsing, and filing indictment.*—When an indictment is endorsed by the foreman of the grand jury, " a true bill," and is shown by the record to have been returned into court so endorsed; and the prisoner, without objecting to the legality or sufficiency of the indictment, pleads not guilty, he cannot move in arrest of judgment, on account of any informality in the finding, returning, or filing of it.

2. *When objection to grand jury may be made.*—Although the statute (Code, § 3591) requires that an objection to an indictment, because the grand jurors were not drawn in the presence of the officers designated by law, must be made at the term at which the indictment is found; yet, if the prisoner was deprived of the opportunity of making the objection at the proper time, by his confinement in jail in another county, the court may entertain the objection at a subsequent term.

3. *Prisoner's confinement in jail in another county, at term indictment is found, not good in arrest of judgment.*—The fact that the prisoner, at the term at which the indictment was found against him, was confined in the jail of another county, is not good matter in arrest of judgment, when it does not appear that he was thereby deprived of any legal right.

4. *Sentence of conviction corrected and affirmed.*—Where the judgment of conviction, in a capital case, does not specify the day on which the prisoner is to be executed, the appellate court, on affirming the judgment, (Code, §§ 3663-64,) will appoint the day of execution.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. WILLIAM S. MUDD.

THE prisoner, George Russell, was indicted for the murder of one John Henry, "by stabbing him in the neck with a knife;" pleaded not guilty; was convicted of murder in the first degree, and sentenced to be hanged. After conviction, he moved in arrest of judgment on the following grounds: "1st, because the indictment was not marked filed by the clerk of the court, during the first term of the court at which it was found, nor has it since been so marked with the true date of filing the same, signed by the clerk of the court, as required by law; 2d, because it does not in any manner appear that the indictment was ever filed in court; 3d, because it does not appear that the indictment was ever presented by a grand jury;

Russell v. The State.

4th, because it does not appear at what term of the court
the indictment was filed, or that it was ever returned into
court; 5th, because it does not appear by what grand
jury of Blount the indictment was returned into court;
6th, because it does not appear that the grand jury who
returned it returned it into open court; 7th, because it
does not appear that twelve of the grand jury were pres-
ent when the indictment was returned into court; 8th,
because there is no evidence of the identity of the indict-
ment under which the defendant was tried and any indict-
ment returned into this court; 9th, because this case was
discontinued by not being regularly continued at the
March term of this court, 1857; 10th, because it does
not appear that the defendant was arraigned and pleaded
before the jury were sworn to try his case."

"The only evidence," as the bill of exceptions states,
"that was offered in support of the motion, or in opposi-
tion thereto, was the bill of indictment, with its endorse-
ments, and the several entries in the case shown by the
record." The indictment purported to have been found
at the spring term, 1857. The only endorsements on it,
as copied into the transcript, were in these words: "No
prosecutor. A true bill," (which was signed by the
foreman of the grand jury;) "Witnesses: James Long,
William Latham," and others. At the same term of the
court, an entry was made in the case in these words: "It
appearing to the satisfaction of the court that a bill of
indictment has been returned into this court by the grand
jury of the county of Blount, endorsed 'a true bill,'
charging the defendant, George Russell, with the crime
of murder; and that the said George Russell has been
committed to, and is still confined in the county jail of
Madison county, for safe-keeping; thereupon, on motion
of A. E. Van Hoose, solicitor, it is ordered and considered
by the court, that the clerk of this court issue an order
to the jailer of Madison county, authorizing and requir-
ing him to deliver up said George Russell, if in his cus-
tody, to the sheriff of Blount county, upon demand; and
that the said sheriff of Blount county be required to exe-
cute said order, and to have the said George Russell before

the circuit court of Blount county by the third Monday in September, 1857." At the September term, 1857, the cause was continued by the State, and the prisoner remanded to the jail of Madison county for safe-keeping. At the March term, 1858, the prisoner was arraigned, pleaded not guilty, and was tried; the minute entry showing the arraignment, by an incorrect interlineation, being made to read as follows: " This day came E. A. Powell, solicitor *pro tem., who, being duly arraigned, and hearing the bill of indictment read, pleads not guilty*, as well as the defendant in his own proper person," &c.

The court overruled the . motion in arrest, and pronounced sentence of death on the prisoner; but the judgment ordered a suspension of the execution, in order that the points reserved by the prisoner might be decided by the supreme court, and did not specify the day on which the sentence should be executed.

B. T. Pope, for the prisoner.—1. It was error to make any entry, or to take any action in the case, during the absence of the prisoner, except to send for him, and have him brought to that term of the court. His absence at that time, under his confinement in the jail of another county, deprived him of all right to plead under section 3591 of the Code.

2. The record does not show that any of the requirements of section 3535 were complied with in this case, except that some indictment " had been " returned into court by the grand jury at that term. The statute was intended to secure important rights to the prisoner, and its language is imperative. If any of the requisitions of the statute may be dispensed with, all may be disregarded. For aught that appeared in the record, another indictment might have been substituted with impunity, after the prisoner had pleaded to the first. The case of Franklin v. The State, 28 Ala. 9, by implication at least, if not directly, decides that the statute is peremptory. The cases of Clarkson v. The State, 3 Ala. 378, and Shaw v. State, 18 Ala. 550, were decided under the old statute, which was materially different from the Code.

M. A. BALDWIN, Attorney-General, *contra.*—1. The failure of the clerk to endorse on the indictment, "that it was filed in the court," was not available in arrest of judgment. The omission might be supplied at any time while the cause was *in fieri*, and did not affect the validity of the indictment. Pleading to an indictment admits its genuineness as a record.—Clarkson v. The State, 3 Ala. 378; The State v. Williams, 3 Stew. 454; Shaw v. The State, 18 Ala. 550; McKinney v. The People, 2 Gilman, 540. In these particulars, the Code does not differ materially from the old statute.

2. The validity of the proceedings was not affected by the prisoner's absence at the term at which the indictment was found, owing to his confinement in the jail of another county. As well might it be contended, that he should have been brought personally into court when the indictment was found, if he had then been confined in the jail of that county; or that an indictment cannot be found against a person who has not been already arrested. If he had shown that a plea in abatement to the indictment, if he had been present at the term at which it was found, might have been successfully interposed, there would be some hardship in his case; but no more than in other cases, frequently occurring, where the accused has no knowledge of an indictment having been found against him, until after the expiration of the time allowed for pleading in abatement. But he did not offer to show that a plea in abatement might, if he had been present, have been interposed to the indictment; nor does the record show that any objection existed.

A. J. WALKER, C. J.—Section 3535 of the Code is in the following words: "All indictments must be presented to the court by the foreman of the grand jury, in the presence of at least twelve of such jury, including the foreman; must be endorsed 'filed,' and such endorsement dated and signed by the clerk." The bill of indictment in this case appears to have had upon it the endorsement "a true bill," subscribed by the foreman of the grand jury; and the record recites, that it was made to

appear to the satisfaction of the court, that a bill of indictment had been returned into the court, endorsed a true bill; but it is not expressly asserted, that twelve of the grand jury, including the foreman, were present when the indictment was presented to the court, nor that the indictment was endorsed filed, and the endorsement dated and signed by the clerk.

Conceding, without deciding, that the want of the presence of twelve of the grand jury at the time when the indictment was presented to the court is an objection available otherwise than by plea in abatement, we are confident in the opinion, that the presence of less than the prescribed number is not to be presumed, when the record asserts, (as is done in this case,) that the grand jury returned the indictment into court, and nothing contradictory of the conclusion that twelve of the grand jury were present is disclosed in the record.

Our old statute, found in Clay's Digest, 460, § 1, was quite as mandatory, in requiring that the clerk should mark the indictment filed, as the section of the Code above quoted is in requiring that he must endorse "filed" upon the indictment, and date the endorsement. In reference to the want of the clerk's endorsement that the indictment was properly filed, according to the mandate of the old law, this court said in the State v. Clarkson, 3 Ala. 378: "There always is, and necessarily must be, a period in the progress of every prosecution, when the indictment is *in fieri;* and we are not aware that any entry made in it, or upon the minutes by the clerk, is necessary to give it effect as a record. Indeed, the very fact of pleading to it admits its genuineness as a record." In this case, the defendant pleaded to the indictment, without any objection to its verity or identity as a legal finding of the grand jury, or to the want of the required endorsement by the clerk. Having done so, an objection to the omission of the record to show that the proper endorsement was made comes too late, if it could be available at any time.

Section 3591 of the Code prescribes, that an objection that the grand jury "were not drawn in the presence of

the officers, or a majority of them, designated by law,"
must be made at the term at which the indictment was
found.    At the term of the court when the indictment
was found, the accused was in jail in another county, and
was not brought to the court.    It is contended, that he
may complain on error that he was not brought to the
court, but was left in the prison of another county, at the
term when the indictment was found, and therefore was
denied an opportunity to make the objection, the appointed
time for making which is the first term.    The defendant
had opportunity to have presented the objection, if it
existed, after the term at which the indictment was found;
and yet no such objection appears to have ever been made,
or indeed to have existed.    It is manifest that, if the
court could have heard the objection at a subsequent term
of the court, the defendant has no ground of complaint,
unless he had presented the objection.

Notwitstanding the assertion of the Code as to the term
at which the objection must be made, we decide, that it
would have been competent for the court to have enter-
tained the objection and allowed it, if sustained by proof,
at a subsequent time.'    We will not construe the statute
as prohibiting, peremptorily and absolutely, the making
of the objection at a subsequent term.    In giving it such
a construction, we should, by a blind adherence to its
letter, allow it an operation in derogation of common
right, and revolting to the sense of justice : we should
make the failure to plead, at a time when the accused was
uninformed of the prosecution, or kept away by impris-
onment, a waiver of the right to plead.    Besides, we must,
in construing the statute, look at the decisions in refer-
ence to similar statutes before the adoption of the Code.
In Sally v. Gooden, 5 Ala. 78, this court decided, in refer-
ence to a statute which required that the defendant should
be compelled to plead within the first week of the appear-
ance term, and upon failure thereof forfeit his right to
make any defense thereafter, that it should be so construed
as to authorize the court to permit the defendant to plead
at a subsequent term.    Under a rule of practice which
prescribed the time for the filing of pleas in abatement,

it was decided, that the court had the discretionary power to allow the filing of a plea at a term subsequent to that prescribed.—Cobb v. Miller, Ripley & Co., 9 Ala. 499; Massey v. Steele, 11 Ala. 340.

We thus find precedents in our own decisions, which justify the conclusion, that notwithstanding the statutory designation of the term at which a particular objection should be made, it was in the power of the circuit court to consider and pass upon it at a subsequent term. It is obvious, therefore, that the defendant's deprivation of the right or of the opportunity to make the particular objection was not a necessary result of his confinement in prison in another county during the term of the court at which the indictment was found. He certainly has no ground for complaint on error that he had no opportunity to make the objection, when he has not availed himself of his right to apply to the court at a subsequent term to exercise its power to hear and determine upon the objection. Whether we would revise the act of the court in refusing to consider the objection, we do not decide, and it may be we will never be called upon to decide.

We have carefully examined the record, and can find in the proceedings of the court below no error; and we must, therefore, affirm its judgment.

The sentence in this case is defective, in omitting to specify the precise day upon which it was to be executed. We understand that sections 3663 and 3664 authorize us, upon affirming judgment of the court below in such a case as this, to render the proper sentence; and we regard the question of our power to do so as settled by the decisions in Franklin v. The State, 28 Ala. 9, and Liles v. The State, 29 Ala. 24.

It is therefore ordered, that the defendant, George Russell, be, on Friday, the fifteenth day of April, A. D. 1859, between the hours of 10 in the forenoon, and 4 in the afternoon of that day, hanged by the neck until he is dead, at the place and by the officer prescribed by law.