# McCuller *v.* The State.

## *Indictment for Murder.*

1. *Return of indictment into court.* — A recital in the record in these words, "Among other presentments the grand jury returned the following," setting out an indictment properly indorsed by the foreman, shows a sufficient return and presentation of the indictment (Rev. Code, § 4148), in the absence of objection taken in the primary court.

2. *Oath of petit jurors.* — A recital in the judgment entry that the petit jurors, "being sworn well and truly the issues to try, and a true verdict to render, say upon their oaths," &c., not purporting to set out the oath in full, the appellate court will presume that the proper oath (Rev. Code, § 4092) was administered. (Peck, C. J., dissenting.)

From the Circuit Court of Barbour.

Tried before the Hon. J. McCaleb Wiley.

There is no bill of exceptions in this case, and no writ of error. The clerk states, in his final certificate appended to the

transcript, that the defendant "prayed an appeal to the present term of the Supreme Court, which was granted." There are several assignments of error, which will be readily understood from the opinion of the court.

JNO. A. FOSTER & THOS. G. JONES, for the prisoner.

BEN. GARDNER, Attorney General, *contra.*

B. F. SAFFOLD, J. — The appellant was convicted of murder in the second degree, and sentenced to the penitentiary for forty years. The transcript recites that " among other presentments the grand jury returned the following ; " the indictment set out.. It is objected that a sufficient return of the indictment to the court is not shown. Section 4148, Rev. Code, requires all indictments to be presented to the court by the foreman of the grand jury, in the presence of at least eleven others. The distinction between indictments and presentments is abolished, if the term "presentments," in the above extract quoted from the record, must be taken to mean the indictment. But it is not an improper expression of the presentation made to the court of the indictment immediately recited. The objection is not well taken. *The State* v. *Clarkson*, 3 Ala. 378 ; *Russell* v. *The State*, 33 Ala. 366 ; *Mose* v. *The State*, 35 Ala. 421.

It appears that a copy of the indictment, and a list of the jurors summoned for his trial, were served on the accused one entire day before the day appointed for his trial. The judgment entry recites the names of the petit jury, and says, " who, being sworn well and truly the issues to try, and a true verdict to render, say upon their oaths," &c. We do not think from this recital the clerk intended to record all of the oath administered to the jury. The portions of the prescribed form which are omitted are such as neither he nor the court would have forgotten, or been ignorant of. The rule is, that if it is evident the oath was not intended to be set out fully, we will presume the proper oath was administered. *McNeil* v. *The State*, January T. 1872. There is no error in the record.

The judgment is affirmed.

PECK, C. J. — I dissent from the opinion of the court in this case, and hold that the judgment ought to be reversed, on the authority of the cases of *Joe Johnson* v. *The State*, 47 Ala. 30, and *Bill Gardner* v. *The State*, June Term, 1872.