# Goodloe *v.* The State.

### Indictment for Arson.

1. *Caption of indictment.*—The caption of an indictment is that entry of record showing when and where the court was held, who presided as judge, the *venire*, and who were summoned and sworn as grand jurors; which caption is an essential part of every indictment, and must be affirmatively shown by the record, though the doctrine possibly had its origin in *certiorari* proceedings from courts of inferior and limited jurisdiction.

2. *Change of venue; what record must show.*—To sustain a judgment of conviction in a criminal case, in a county other than that in which the indictment was found, the record must show a valid order transferring it, made by the court in which the indictment was found: a written agreement, signed by several attorneys, and copied into the transcript, consenting to the transfer of causes "which by law have to be, and which may be transferred," and waiving "the formal certificate of transfer of said cases," is not sufficient, when the record does not show that the defendant's case was embraced in the agreement, and he had not been arrested when the agreement was made.

FROM the Circuit Court of Colbert.

Tried before the Hon. W. B. WOOD.

The record in this case is very defective, and the return to a *certiorari*, which was granted on motion of the Attorney-General, does not remedy the defects. It shows that, at the Fall term, 1868, of the Circuit Court of Franklin, an indictment for arson was found against *Jack Mhoon* and twelve other persons; that at the Fall term, 1873, the said defendant not having been arrested, the indictment was, by order of the Circuit Court of Colbert, withdrawn and filed; that

the defendant was arrested on the 15th March, 1875, under a *capias* issued by the clerk of said last named court; that he gave bail in open court, at the next ensuing term, by the name of Jack Mhoon, *alias* J. M. Goodloe ; and that, after several continuances, he was tried at the Fall term, 1877, was convicted, and sentenced to the penitentiary for the term of five years. The record contains, also, an agreement dated "Franklin Circuit Court, March term, 1870," and signed by twelve attorneys, in these words : " Whereas, there are many cases on the docket of the above court, which by law have to be, and which may be transferred to Colbert Circuit Court, on the law docket, and some on the Chancery Court docket, which have been adjudged to be transferred to Colbert county by the present Circuit Court of Franklin : now, we, the attorneys of the respective cases, do here now agree, in open court, to each of said transfers, and docketing and bringing said cases in Colbert Circuit Court ; and we waive the formal certificate of transfer of said cases, and waive absolutely the necessity of sealed certificates of the clerk : his note of transfer, or memorandum at the foot of catalogue, schedule, or docket of such cases, shall be sufficient,—this, formal or informal." There is no " catalogue, schedule, or docket of such cases," contained in the record, nor anything else showing what cases were embraced in the agreement. It is now assigned as error, that the court had no jurisdiction of the case, and that the record does not show the organization of any grand jury.

WALKER & SHELBY, for the prisoner, cited *Tipton v. The State,* Peck, Tenn. 310; *Cornwall v. The State,* Martin & Yerger, 148 ; *Fitzgerald v. The State,* 4 Wisc. 395 ; *State v. Williams,* 2 McCord, 301 : *State v. Zule,* 10 N. J. L. (5 Halst.) 348 ; 1 Archb. Cr. Pr. & Pl. 235, note 1, 8th edition; *Reeves v. The State,* 20 Ala. 33 ; *Noles v. The State,* 24 Ala. 672.

JOHN W. A. SANFORD, Attorney-General, for the State.— Pleading to an indictment, without objection, is an admission of its genuineness.—*Clarkson v. The State,* 3 Ala. 378 ; *Russell v. The State,* 33 Ala. 66; *Shaw v. The State,* 18 Ala. 547 ; *Floyd v. The State,* 30 Ala. 511. The case was evidently transferred to Colbert county under the act approved February 8, 1870 (Session Acts 1869-70, p. 145) ; and no order of court, or consent of parties, was necessary. There is no bill of exceptions, and nothing to show where the crime was committed ; and the presumption will be indulged, in the absence of any objection by the prisoner, that it was com-

mitted in that part of Franklin which is now embraced in Colbert county.

STONE, J.—In *Reeves v. The State*, 20 Ala. 33, Ch. J. DARGAN said : " The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the *venire*, and who were summoned and sworn as grand jurors; and this caption is applicable to, or is a part of every indictment, and need not be again repeated in any part of the indictment." This doctrine had been substantially affirmed in several decisions.—See *State v. Lapsley*, 7 Por. 526; *State v. Murphy*, 9 Por. 487 ; *Morgan v. The State*, 19 Ala. 556 ; *Noles v. The State*, 24 Ala. 672; *Rose v. The State*, Minor, 28. As shedding some light on the subject we are considering, see *State v. Clarkson*, 3 Ala. 378; *Shaw v. The State*, 18 Ala. 547 ; *Russell v. The State*, 33 Ala. 366 ; *Harrington v. The State*, 36 Ala. 236.

Following the lead of the cases cited above, we feel it our duty to regard the question as settled in this State, that a caption, such as is described in *Reeves v. The State, supra,* is an essential of a good indictment ; and when the question comes before us on appeal, if the record does not contain such caption, it is a fatal error. If it were an open question in this State, it might admit of serious doubt if this doctrine did not have its origin in *certiorari* proceedings from courts of limited, inferior jurisdiction; and that it should not be applied to records from courts of general jurisdiction.—See the doctrine fully discussed, and the rulings of the various courts collated, in 1 Bish. Cr. Proc. §§ 653 to 666, and note 2 to § 665. *Stare decisis.* There is no caption in the present record, and the result is, that the judgment must be reversed on that ground.

2. The present record discloses no reason why the cause was transferred from Franklin to Colbert county. The indictment purports to have been found in Franklin county, at the Fall term, 1868. The prisoner was tried and convicted in Colbert county, at the Fall term, 1877. He does not appear to have been arrested, or ever to have been in custody, until 1875. The record contains what purports to be an unofficial agreement, signed by certain persons styling themselves attorneys, consenting to the transfer from Franklin to Colbert county, of the causes in the courts of the former county, " which by law have to be, and which may be transferred to Colbert county Circuit Court," and waiving "the formal certificate of transfer of said cases,  .  the necessity of sealed certificates of the clerk: his note of transfer, or memorandum at the foot of catalogue, schedule, or docket

of such cases, shall be sufficient,—this, formal or informal." This agreement bears date March 22d, 1870, and omits all mention of the cases transferred. The record contains no evidence that the agreement was of record, or otherwise authenticated. The record contains also an unofficial certificate of the clerk of Franklin Circuit Court, that this is one " of the State cases that were transferred by agreement to the Circuit Court of Colbert county." The foregoing is all the evidence or authority, furnished by the record, for the transfer to Colbert county. It is wholly insufficient. Waiving all consideration of the question, of which the agreement furnishes no solution, whether either of the attorneys signing the agreement was counsel for the prisoner, Goodloe—whether, in fact, he had any counsel, for he had not then been arrested ; so grave a question as the right and jurisdiction of the Circuit Court of Colbert county to try a prisoner, under an indictment for a felony, found by a grand jury of Franklin county, must be shown by higher evidence than unofficial agreements of counsel, and an unofficial certificate of the clerk of the court. Indictments can only be rightly preferred, and, when found, are presumed to be found, in the county in which the offense was committed ; and prisoners can only be tried in the county in which the indictment is found, unless, for some legal reason, to be shown by the record, the venue and trial are removed to another county. Code of 1876, §§ 4632, 4911 ; *Paris v. The State*, 36 Ala. 232. The record in the present case fails to show a legal transfer to Colbert county, and, therefore, fails to show any jurisdiction in the court to try the offender.—See Pamph. Acts 1869-70, p. 145-6.

There is not enough in this record to inform us whether or not the present prosecution has been discontinued.—*Ex parte Rivers*, 40 Ala. 712.

Reversed and remanded. Let the prisoner remain in custody, until discharged by due course of law.

There is in this record no order suspending the execution of the sentence until the hearing of this appeal; and it has been suggested that the prisoner is confined in the penitentiary. It is therefore ordered, that the sheriff of Colbert county demand and receive said prisoner from the warden of the penitentiary, and hold him in custody, to abide the further order to be made by the Circuit Court in this cause. And the clerk of this court is ordered to forward to the sheriff aforesaid a copy of the judgment of reversal in this cause, and of this order, duly certified ; upon the production and surrender of which to the warden of the penitentiary,

[Toney v. The State.]

said warden will deliver said prisoner to said sheriff, taking his receipt therefor.—Code of 1876, § 4992.