# Carmichael, President &c. *v.* Matthews, Clerk &c.

## *Petition for Mandamus.*

1. *Clerk's fees; recording of caption of an indictment.*—The caption of an indictment should be copied along with the charging part of the indictment into the final record thereof; and for copying such caption into the final record, the clerk is entitled to the fees prescribed by statute.

2. *Same; order setting date for trial, judgment and sentence.* The order setting a day for the trial of a capital case, the judgment on verdict rendered therein and the sentence pronounced on the judgment are all necessarily entered upon the minutes of the court, and neither of them has any place in the final record required by the statute (Code, § 934, Subd. 9); and, therefore, the clerk is not entitled to fees for copying the same into the final record.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The proceedings in this case were had upon a petition filed by the appellee, H. H. Matthews, as clerk of the city court of Montgomery and addressed to the Hon. A. D. Sayre, judge of said city court.

It was averred in said petition that on January 27, 1902, one George Scott was duly convicted for murder in the first degree and sentenced to the penitentiary for life. That said sentence was in full force and operation at the time of filing the petition. That presently, after the conviction of Scott, the petitioner as clerk, made out the bill of costs in said cause containing no item not enumerated in section 1 of the Act approved February 18, 1887, providing for the payment of such costs out of the convict fund, (Code, § 4511) and made oath to the correctness of each item of the bill of costs; that the same is a legal charge against said Scott, and that said bill of costs amounted in

the aggregate to less than $150. That after said convict had been delivered to the penitentiary officials, the petitioner presented said bill of costs to J. M. Carmichael, as president of the Board of Convict Inspectors, and asked that he request the Auditor to draw his warrant upon the State Treasurer in favor of the petitioner for the amount of said bill of costs, payable out of the convict fund; that the said Carmichael, after carefully examining said bill of costs, refused to make the request of the Auditor, as asked, upon the ground that the bill contained under the head of "Final Record" an item for which cost is charged at the rate of 15 cents per 100 words and denominated "Organization of court and grand jury," and another item under the same head denominated "order setting day judgment on verdict and sentence," for which costs are charged at 15 cents per 100 words. That the entire costs for each of said items did not exceed $2.50. That under the ruling of the said Carmichael the petitioner would be denied compensation for recording all the matters above set forth, with the exception of the indictment.

The prayer of the petition was that a writ of mandamus be issued compelling J. M. Carmichael, as president of the Board of Inspectors of Convicts, to request the Auditor to draw his warrant upon the State Treasurer, in favor of the petitioner for the amount of said bill of costs, payable out of the convict fund.

J. M. Carmichael waived the issuance of the rule *nisi*, and admitted the truth of the allegations of the petitioner; but denied that the petitioner was entitled to compensation as claimed.

On the hearing of the cause, there was an order granting a peremptory writ of *mandamus* as prayed for in the petition. From this order the respondent appeals, and assigns the rendition thereof as error.

J. M. CARMICHAEL, for appellant, cited Code, § 134, subd. 9, § 2644; *Skinner v. Dawson,* 87 Ala. 348; *Morgan v. State,* 19 Ala. 558; *Reeves v. State,* 20 Ala. 33; *State v. Murphy,* 9 Port. 487; *Perkins v. State,* 50 Ala. 154; *Overton v. State,* 60 Ala. 75; *Harris v. Haynes,* 30 Mich. 140; 9 Bacon's Abridgements; 23 Am. & Eng. Ency. of

Law, (1st ed.) 358, 361; *Sprowl v. Lawrence,* 33 Ala. 674.

W. L. MARTIN. *contra,* cited, *Ansley v. Carlos,* 9 Ala. 973; *Stevenson v. Moody,* 85 Ala. 33; 1 Brick. Dig. 497, §§ 505-697; Ib. 829. § 348; *Overton v. State,* 60 Ala. 73.

McCLELLAN, C. J.—The caption of an indictment is an essential and inherent part of it. It is that entry of record showing when and where the court was held, who presided as judge, the *venire* for the grand jury, and who were summoned and sworn as grand jurors.— Code, § 4893; *Goodloe v. State,* 60 Ala. 93, and cases there cited. Being thus a part of each indictment, the entry should, in our opinion, be copied along with the charging part of the indictment into the final record thereof.

Sub-section 9 of section 934 of the Code makes it the duty of the clerks of the circuit (and city) courts "to record in well bound books, within six months after the final determination of any suit or prosecution all the proceedings relating thereto, not previously recorded under section 2644 except the subpœnas, affidavits for continuance, commissions to take testimony, evidence and executions."

Section 2644, here referred to, is limited by its express terms to civil cases, and has no bearing on this case.

Section 2642 of the Code is, however, not so limited and it applies to both civil and criminal cases. It is as follows: "*Double records dispensed with.*—The orders, judgments and decrees entered upon the minutes of the court are parts of the record of the case to which they pertain, and need not be copied into the final record. If so copied, no fee shall be charged therefor." The order setting a day for the trial of a capital case, the judgment on verdict therein and the sentence pronounced on the judgment are clearly within the provisions of this section. They are each and all necessarily entered

[Thè State v. Blevins.]

upon the minutes of the court, and neither of them has any place in the final record required by sub-section 9 of section 934 for making which the act of February 18, 1897, provides compensation to the clerk from the State. So far as that act was intended to provide compensation for entries of judgments on the minutes of the court, the intent is conserved by other provisions than that in relation to compensation for making final record.—Acts 1896-7, p. 1532.

It follows that, in our opinion, the city court erred in awarding the writ of *mandamus* to compel the president of the board of convict inspectors to request the auditor to pay the clerk for making a final record of the order setting a day for the trial of the convict Scott and of the judgment of conviction and sentence thereon in his case. The judgment of the city court will be reversed, and a judgment will be here entered dismissing the petition for *mandamus*.

Reversed and rendered.