162 So. 553

**JOHNSON v. STATE.**

4 Div. 24.

Court of Appeals of Alabama.

June 4, 1935.

Rehearing Denied June 25, 1935.

---

[1] Ante, p. 177.

Frank M. deGraffenried, of Seale, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is upon the record proper. There is no bill of exceptions. The record filed in this cause shows only the following proceedings in the court below:

(1) The organization of the circuit court of Russell county, Ala., which was held in Phenix City, for the Northern division, second week, spring term, 1933.

(2) An indictment, which purports to have been found and presented by a grand jury of Lee county, Ala., and filed in the circuit court of said county on the 10th day of May, at the spring term, 1929, of said court.

(3) A motion filed by the defendant in the circuit court of Russell county, Ala., on May 11, 1933, to quash the venire of jurors drawn and summoned to appear and serve as regular jurors for the second week, spring term, 1933, of the circuit court of Russell county, Ala., for the Northern division of said court.

(4) An agreed statement of facts offered in evidence in support of the motion to quash the venire of jurors.

(5) Judgment of the trial court overruling and denying the motion to quash the venire of jurors.

(6) Defendant's demurrers to the indictment, upon the ground, among others, that said indictment did not confer jurisdiction upon the circuit court of Russell county, Ala., Northern division, to hear and determine the offense charged in the indictment for the reason that no legal change of venue from Lee county to Russell county was shown by the record in said cause, and that there had been no legal transfer of said cause from the circuit court of Lee county, Ala., to the circuit court of Russell county, Ala., Northern division.

(7) Judgment of the circuit court of Russell county, Ala., Northern division, overruling and denying defendant's demurrer.

(8) Defendant's plea of the general issue.

(9) Final judgment of the circuit court of Russell county, Ala., Northern division, adjudging the defendant guilty of embezzlement, as charged in the indictment, and sentence of the defendant to imprisonment in the penitentiary for an indeterminate period of not less than 18 months, or more than 24 months.

The appellant insists that errors, greatly prejudicial to him, were committed by the

trial court, upon the trial of this case, which the appellant contends demands a reversal of the judgment of the lower court on this appeal.

■ The first error insisted upon is that the trial court erred in overruling and denying the motion to quash the venire of jurors. The first ground of the motion to quash said venire was that the jury box, from which said venire of jurors was drawn, was made up and filled with the names of persons residing in that part of Russell county outside of the territorial jurisdiction of the Northern division of said court. The second and third grounds of the motion to quash said venire of jurors are practically the same. The allegations set out in these grounds of the motion are that the judge of the court from a box, in which the names of jurors from portions, or a part of Russell county which was not included within the territorial subdivision of the Northern division of the circuit court of said county, were knowingly, illegally, and fraudulently placed or deposited by the jury board of Russell county, and that said jury box was not made up and filled with the names of persons only who resided in the territorial jurisdiction of the Northern division of the circuit court of Russell county.

Under the provisions of a General Act of the Legislature of Alabama, approved February 20, 1931 (Gen. Acts Ala. Reg. Sess. 1931, p. 60, § 19), it is declared that: "Whenever a court requiring grand and petit juries, or petit juries, is established for and held in a territorial subdivision of the county, the Jury Board shall make and keep a separate roll and make a separate box for that court and territorial subdivision,· on which roll and in which box only the names of jurors residing in that territory shall be placed."

Under the provisions of a Local Act of the Legislature, approved August 11, 1927, the county of Russell, as it then existed, was divided into two divisions, designated as the Northern and Southern divisions, respectively, of the circuit court of Russell county, Ala. Local Acts of Alabama, 1927, p. 176, § 1. By this section of said act a certain line of division was designated and particularly described, and all of that part of said county, as its boundary lines then existed and were established, which was located on the north side of this line was designated as the Northern division of the circuit court of said county, and all that part of said county, as its boundary lines then existed and were established, which was located on the south side of said specified line, was designated as the Southern division of the circuit court of said county.

Under the provisions of a Local Act of the Legislature of Alabama, Extra Session 1932, approved September 30, 1932, the boundary lines between Lee and Russell counties were altered and rearranged by detaching from Lee county and adding to Russell county certain designated territory then located in the southeastern part of Lee county, and by detaching from Russell county and adding to Lee county certain designated territory then situated in the northeastern corner of Russell county. Local Acts of Alabama, Extra Session 1932, p. 16. This act is silent as to which of the two judicial subdivisions of Russell county the territory acquired from Lee county should be added.

The record in this cause shows that on the 27th day of April, 1933, the presiding judge of the circuit court of Russell county, Ala., drew from a box previously prepared by the jury board of Russell county, for the Northern division of the circuit court of said county, the names of 47 persons, to constitute the venire of jurors for the second week, spring term, 1933, of the Northern division of the circuit court of said county. It is shown by the agreed statement of facts filed in support of the motion to quash said venire of jurors that 25 of the names drawn by the judge were the names of persons who lived and resided in that part of Russell county which had been detached from Lee county and added to Russell county on the 30th day of September, 1932. It is further shown by said agreed statement of facts that when the jury board of Russell county made up the jury roll and filled the jury box for the Northern division of said county, they placed in said jury box the names of all the persons they deemed competent to serve as jurors, who prior to September, 1932, resided in Lee county, and whose residence by the act approved September 30, 1932, was transferred from Lee county to Russell county, along with the names of persons who had resided in the territorial jurisdiction of the Northern division of Russell county for the full period of 12 months, or more.

In filling the jury box for the Northern judicial division of Russell county,

the jury board of said county attempted to enroll as legal jurors for said judicial subdivision of said county all the persons whose residence had been transferred, by the act approved September 30, 1932, from Lee county to Russell county, whom they deemed competent to serve as jurors, and this action of the jury board of Russell county was taken without regard to the fact that the residence of these persons was transferred from Lee county to Russell county within less than 12 months, just next preceding the action of said board in thus attempting to enroll and qualify these recently acquired residents as jurors for the Northern judicial division of Russell county.

Any person who has not been a resident householder or freeholder of a county for a period of one year, next preceding, is not entitled to have his name enrolled as a legal juror of that county. Code Ala. 1923, § 8610. The jury board of Russell county was without power and authority to place on the jury roll, and in the jury box for the Northern judicial division of said county, the name of any person, who at the time his name was placed on the jury roll and in the jury box, had not been a bona fide resident of said Northern judicial division of said county for the full period of 12 months just next preceding. The jury board of Russell county, according to the agreed statement of facts, well knew and were informed that a large number of the names they were adding to the jury roll and to the jury box for the Northern division of said county were the names of persons who had not resided in said judicial division of said county for the preceding 12 months. The action of the jury board in so filling the jury box for said division of said county was without legal authority and rendered the venire of jurors drawn from said box to serve the circuit court of said county for said division, for the second week, spring term, 1933, subject to be quashed upon the appellant's motion in the court below. The trial court erred in overruling the motion to quash said venire of jurors. Kuykendall v. State, 16 Ala. App. 197, 76 So. 487.

It is next insisted by appellant that the trial court erred in overruling his demurrer to the indictment. We need only consider the first ground of this demurrer which alleges that the indictment upon which he was arraigned did not confer jurisdiction upon the circuit court of Russell county, Northern division, to hear and determine the offense of embezzlement charged in said indictment.

This indictment shows upon its face that it was found and returned into the circuit court of Lee county, Ala., by a grand jury of said county, at the spring term, 1929, of said court. It also shows it was filed in the circuit court of Lee county, Ala., on the 10th day of May, 1929. This indictment conferred jurisdiction of the person of the defendant, upon his arrest, and of the offense with which he was charged upon the circuit court of Lee county, Ala. That court, under this indictment, had exclusive jurisdiction of the defendant, and of the offense alleged to have been committed. Code Ala. 1923, § 4891. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Goodloe v. State, 60 Ala. 93.

In Lassiter v. Wilson, supra, it was said: "Where jurisdiction of a court has once attached the right exclusively to pursue and exercise its adequate jurisdiction to complete performance cannot be arrested or taken away by proceeding in another court of like authority."

The only way in which the circuit court of Russell county for the Northern division could have acquired and become vested with jurisdiction to try the defendant, Bill Johnson, upon an indictment found by a grand jury of Lee county and returned to and filed in the circuit court of that county was for the venue, or place of trial, to have been legally changed from the circuit court of Lee county to the circuit court, Northern division, of Russell county. The venue, or place of trial, could only have been changed at the instance of the defendant. The state of Alabama, neither directly nor indirectly, had the right to apply for, or secure, a change of venue in this case. Ex parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A. L. R. 706.

It is claimed, however, by the state, that the venue or place of trial in this case was transferred from the circuit court of Lee county to the Northern division of the circuit court of Russell county by the provisions of a general act of the Legislature of Alabama, approved November 1, 1932 (Gen. Acts Extra Sess. 1932, p. 194). This act provides: "That upon the detachment of territory from one county and its inclusion within the boundary lines of another adjoining county, whether effected by change of boundary

line or otherwise, any action pending, whether civil or criminal, at the time of such transfer of territory, in any court from which such territory is transferred, which, if such action had been initiated or commenced, or indictments returned, after such transfer of territory, would necessarily have been commenced in the county to which the territory was transferred, shall. be removed for further proceedings and prosecution to the county to which such territory was transferred or added, and the clerk, or register shall forthwith send to the clerk or register of the county to which such territory was transferred or added all papers, records and proceedings pertaining to such action."

The appellant insists that the provisions of said act, above quoted, are in conflict with article 1, § 6, and with article 4, § 75, of the Constitution of Alabama, 1901; and it is further insisted by him that a change of venue is a matter of judicial determination, so provided by the Constitution of this state, and that said act is, therefore, in conflict with article 3, § 43, of the Constitution of Alabama, 1901.

It is also insisted by the appellant that said act, even if the same was free from constitutional objections, did not authorize the transfer of venue in this case from Lee county to Russell county, on account of the provisions of said act, alone, because said indictment does not allege that offense therein charged was committed in any specified part of Lee county, or in that portion of Lee county which was detached therefrom and added to Russell county.

■ Embezzlement is an offense of statutory origin. The gist of the offense is that a person who has come rightfully into the possession of personal property as agent, etc., fraudulently converts it to his own use, or fraudulently secretes it with intent to convert it to his own use, or the use of another. In order to prove the offense it is necessary to show some act by which the property was converted to his own use by the defendant, or secreted for that purpose, and that act must have been done somewhere in the county in which the indictment was found and returned by the grand jury. Knight v. State, 152 Ala. 56, 44 So. 585.

■ Pretermitting a consideration of the constitutionality of said act, and without certifying that question to the Supreme Court, this court is of the opinion that the act approved November 1, 1932, supra, did not of itself, solely and alone, authorize the change of venue, or place of trial, from the circuit court of Lee county to the circuit court of Russell county, in this case, in the manner which· this record shows.

Article 4, § 75, of the Constitution of Alabama, 1901, declares: "The power to change the venue in civil and criminal causes is vested in the courts, to be exercised in such manner as shall be provided by law."

A court of record can only speak through its record. The act of the court is shown by the records of the court. The record before us fails to show any action, whatever, by the circuit court of Lee county changing the venue, or place of trial, in this case. Giving to above act ·the construction which this court feels it is compelled to give, in accord with the provisions of the Constitution of this state, we hold and declare that under the provisions of the above-cited act it was necessary for the circuit court of Lee county to have made and entered an order, or to have pronounced judgment, transferring the trial of the defendant, upon the indictment found and returned into said court by the grand jury of said county to the circuit court, Northern division, of Russell county, in order to invest said last-named court with jurisdiction to try the defendant upon said indictment. As stated, the record before us shows no such order or judgment of the circuit court of Lee county.

To sustain a judgment of conviction in a criminal case, in a county other than that in which the indictment was found, the record must show a valid order transferring it, made by the court in which the indictment was found, to the court in which the judgment is pronounced. So grave a question as the right and jurisdiction of a circuit court of Russell county to try a defendant, under an indictment for a felony, found by a grand jury of Lee county, must be shown by higher evidence than the record before us discloses. The record in the present case fails to show a legal transfer to Russell county, and, therefore, fails to show any jurisdiction in the circuit court of Russell county, for the Northern division, to try the defendant, appellant here. Goodloe v. State, 60 Ala. 93.

It necessarily follows that the judgment of the circuit court of Russell county, from which the appeal in this case was taken, must be pronounced null and void by this court.

It is, therefore, ordered and adjudged that said judgment is null and void, and that it does not constitute any legal cause or justification for the imposition of the punishment prescribed, or any other punishment, upon the appellant in this case. The judgment appealed from being void, it will not support an appeal. This appeal is accordingly dismissed.

Appeal dismissed.