4 So.2d 507

**JONES v. CITY OF OPELIKA.**

5 Div. 128.

Court of Appeals of Alabama.

June 17, 1941.

Rehearing Denied Oct. 7, 1941.

Grover C. Powell, of Atlanta, Ga., for appellant.

Duke & Duke, of Opelika, for appellee.

BRICKEN, Presiding Judge.

This appeal is from a judgment of the circuit court of Lee County, Alabama, taxing appellant, Rosco Jones, with the cost of a preliminary forfeiture of his appeal bond, given in the matter of his appeal from the recorder's court of the City of Opelika to the circuit court of Lee County, wherein he was convicted on May 5, 1939, for an alleged violation of what was styled as the "City Sidewalk Ordinance," of said City, and was adjudged to pay a fine of $100 and the costs of prosecution, and,

failing to presently pay same, was sentenced to hard labor for the city for a period of 150 days.

As stated, an appeal was taken to the circuit court, and defendant demanded trial by jury in that court.

Before said appeal was tried in the circuit court, and while pending, the defendant filed his petition in the Supreme Court for a writ of mandamus, to require and compel the judge of the circuit court to transfer said appeal from the nonjury docket to the jury docket of said court, and on said petition obtained a rule nisi from the Supreme Court, directed to said judge of the circuit court, commanding and requiring him, as such judge, to show cause before the Court of Appeals on Thursday of the call of the 3rd Division, May 9, 1940, why the writ of mandamus should not issue as prayed for in said petition. It was further provided by said rule nisi that the Hon. W. B. Bowling, as Judge, aforesaid, be restrained from further proceeding in said cause until further orders of the Court of Appeals. This rule nisi was dated and issued out of the Supreme Court May 2, 1940.

■ There are two judges, either one of whom is by law authorized to preside over the circuit court of Lee County, Alabama, namely, the Hon. W. B. Bowling, and the Hon. Albert Hooton. Since it was the court, and not the judge, that had authority to try said appeal case, it is the opinion and judgment of this court that the plain purpose and effect of the prohibition against further proceedings in said appeal case was against the circuit court of Lee County, Alabama.

On May 8, 1940, without any order or authority from this court and pending action by this court, on said petition for mandamus, said appeal case of the City of Opelika v. Rosco Jones was called for trial by the circuit court of Lee County, with the Honorable Albert Hooton, judge, presiding, and the said Rosco Jones failing to appear on that day in said court when said appeal case was called, the circuit court, pronounced and entered a conditional judgment of forfeiture against the defendant and the surety upon the appeal bond, which bond was in the sum of $250, and the surety thereon, was the United States Fidelity and Guaranty Company. Under this conditional judgment the defendant and his surety were commanded to appear at the next term of the circuit court of said county and show cause why said conditional judgment of forfeiture should not be made final.

■ The circuit court, which was then governed by the temporary restraining order of the Supreme Court, as above shown ' from further proceedings in the matter of said appeal until the order of this court, had no jurisdiction or authority, whatever, to pronounce and enter said conditional judgment of forfeiture on May 8, 1940, for the reason that the time within which the answer to the petition for mandamus was to be filed in this court, and the time which this court might act upon said petition had not then expired, and this court had not then, or previously, issued any order authorizing the circuit court to proceed in said case; it is therefore obvious that the conditional judgment of forfeiture was null and void and did not confer upon the circuit court any jurisdiction or authority to make the same final for any amount, nor to tax any part of the cost thereof against the defendant. Jurisdiction of the subject matter cannot be conferred by consent of parties, and in all cases where a court has no jurisdiction it has no power to impose costs. Humboldt, etc., L. & P. Co. v. Smith, D.C., 28 F.Supp. 421.

It is the opinion, and judgment of this court, that the judgment of the circuit court, which, according to its recitals, was pronounced and entered by agreement of the parties, and which purports to tax defendant with the costs of a bond forfeiture at a time when the court was powerless to act, was, and is, null and void, and creates no liability against either the defendant, Jones, or the United States Fidelity & Guaranty Company, the surety upon his appeal bond.

The appeal in this case is upon the record proper and the recitals of the facts deemed pertinent by this court are shown by the record.

■ The judgment appealed from being void, it will not support an appeal. It is therefore the order and judgment of this court that said appeal be and the same is hereby dismissed. Johnson v. State, 26 Ala.App. 476, 162 So. 553, 554.

Appeal dismissed.